IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELANIE SPRINGER-TOLLETT, M.D., Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-3372 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant. | § § § § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**PRELIMINARY STATEMENT**

Defendant, The Lincoln National Life Insurance Company, responds to Plaintiff, Melanie Springer-Tollett, M.D.'s, Complaint as follows:

1. This ERISA action against The Lincoln National Life Insurance Company, in its capacity as Administrator of the Memorial Hermann Healthcare System Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Memorial Hermann Healthcare System.

**ANSWER: Lincoln admits that Memorial Hermann Healthcare System or its affiliates ("Memorial" or "Employer") sponsored a long-term disability plan ("the Plan") and that benefits under the Plan are funded, at least in part, by a group disability policy issued by Lincoln to Memorial ("Group Policy"). Lincoln admits that it was the claims**

**administrator responsible for adjudicating claims made under the Group Policy. Lincoln also admits that Plaintiff was at one time an employee of Memorial, was insured under the Group Policy and that Plaintiff purports to assert a cause of action under the Employee Retirement Income Security Act ("ERISA"). Lincoln denies that Plaintiff is entitled to the relief she seeks or any other relief and further denies the remaining allegations contained in paragraph 1 of the Complaint.**

## PARTIES

2. Plaintiff is a citizen and resident of Houston, Texas.

**ANSWER: Lincoln is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.**

3. Defendant is a properly organized business entity doing business in the State of Texas.

**ANSWER: Lincoln admits that it is an insurance company licensed in Texas. Unless expressly admitted, Lincoln denies the allegations of paragraph 3.**

4. The disability plan at issue in the case at bar was funded and administered by Defendant.

**ANSWER: Lincoln admits that LTD benefits under the Plan were funded, at least in part, by the Group Policy of insurance issued by Lincoln to Memorial. Lincoln further admits that it is the claims administrator of LTD benefits under the Plan. Lincoln denies the remaining allegations of paragraph 4.**

5. Defendant is a business entity doing business in the Southern District of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**ANSWER: Defendant admits that the Court has jurisdiction over Lincoln in this matter and that it has accepted service. Lincoln denies the remaining allegations of paragraph 5.**

**JURISDICTION AND VENUE**

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**ANSWER: Lincoln admits that Plaintiff is seeking LTD benefits under an ERISA-governed plan pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B). Lincoln denies that Plaintiff is entitled to the relief she seeks or any other relief and further denies the remaining allegations contained in paragraph 6 of the Complaint.**

7. Venue in the Southern District of Texas is proper by virtue of Defendant doing business in the Southern District of Texas. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (Id.) "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in Varsic v. United States District Court for the Central District of California, 607 F.2d 245 (9th Cir. 1979). See Sanders v. State Street Bank and Trust Company, 813 F. Supp. 529, 533

(S.D. Tex. 1993). The Ninth Circuit, in Varsic, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. Varsic, 607 F.2d at 248." See Frost v. ReliOn, Inc., 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996), citing Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994). Here, Defendant is "found" within the Southern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

**ANSWER: Lincoln admits that venue in this case is proper in the Southern District of Texas for purposes of this case only. The remaining allegations of paragraph 7 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

**<u>CONTRACTUAL AND FIDUCIARY RELATIONSHIP</u>**

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective March 1, 2004.

**ANSWER: Lincoln admits that Plaintiff was insured under the Group Policy at relevant times and that the Policy became effective on March 1, 2004. Lincoln denies the remaining allegations of paragraph 8.**

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Memorial Hermann Healthcare System at the time of Plaintiff's onset of disability.

**ANSWER: Lincoln admits that Plaintiff became insured under the Group Policy pursuant to her employment with Memorial. Lincoln denies the remaining allegations of paragraph 9.**

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

**ANSWER: Lincoln denies the allegations of paragraph 10 as stated. In further response, Lincoln states that it was the claims administrator under the Plan and had authority to determine eligibility, the amount of benefits due (if any), and to construe the terms of the Group Policy.**

11. Defendant funds the Plan benefits.

**ANSWER: Lincoln admits that it pays benefits to eligible employees per the terms of the Group Policy. Lincoln denies the remaining allegations of paragraph 11.**

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

**ANSWER: Lincoln admits that it pays benefits to eligible employees per the terms of the Group Policy and that it has the authority to determine eligibility, the amount of benefits due (if any), and to construe the terms of the Group Policy. The remaining allegations of Paragraph 12 state a legal conclusion to which no response is required, and Lincoln therefore denies same.**

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review.

**ANSWER: Lincoln denies the allegations of paragraph 13.**

14. Except as stated in paragraph 15 below, benefit denials governed under ERISA are generally reviewed by the courts under a de novo standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

**ANSWER: The allegations of paragraph 14 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

15. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a de novo standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER: The allegations of paragraph 15 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

16. In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 1701.062(a) Texas Insurance Code.

**ANSWER: The allegations of paragraph 16 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

17. Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

**ANSWER: The allegations of paragraph 17 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

18. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 1701.062(a) Texas Insurance Code.

**ANSWER: The allegations of paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, Lincoln admits that the Plan, which is set forth in writing in the administrative record and speaks for itself, provides the best evidence of its contents. Lincoln denies the remaining allegations of paragraph 18.**

19. Pursuant to Ariana M. v. Humana Health Plan of Texas, 884 F.3d. 246, 249 (5th Cir. 2018), (overruling Pierre v. Conn. Gen. Life Ins. Co., F2d. 1562 (5th Cir. 1991), the 5th Circuit has recently held that absent a valid grant of discretion, both the "interpretation of plan language" and "factual determinations" are to be reviewed by the court under a de novo standard. Therefore, pursuant to Ariana, the court should review this matter de novo.

**ANSWER: The allegations of paragraph 19 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

20. ERISA does not preempt state bans on discretionary clauses because of the "savings clause." ERISA preempts "any and all State laws insofar as they ... relate to any employee benefit plan." The "savings clause," however, preserves "any law ... which regulates insurance...". To fall within the savings clause, a state law must: Be "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured." Kentucky Association of Health Plans, Inc. v. Miller, 538 U.S. 329, 342 (2003).

**ANSWER: The allegations of paragraph 20 state legal conclusions to which no response is required, and Lincoln therefore denies same.**

21. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER: The allegations of paragraph 21 state legal conclusions to which no response is required, and Lincoln therefore denies same. In answering further, Lincoln admits that it fully complied with any and all fiduciary duties and that it followed the terms of the Group Policy as it was required to do as the claims administrator.**

**ADMINISTRATIVE APPEAL**

22. Plaintiff is a 52 year old woman previously employed by Memorial Hermann Healthcare System as a "Physician Internal Medicine."

**ANSWER: Lincoln admits that Plaintiff, at times, held the title of "Physician Internal Medicine" while working at Memorial. Lincoln denies the remaining allegations of paragraph 22.**

23. Physician Internal Medicine is classified under the Dictionary of Occupational Titles as Light with an SVP of 8 and considered to be highly skilled work.

**ANSWER: Lincoln admits that information regarding Plaintiff's job classification and related duties that was provided to Lincoln during the claim review process is contained in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize such documents they are denied. Unless expressly admitted, Lincoln denies all remaining allegations of paragraph 23.**

24. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on November 21, 2012 as on this date Plaintiff suffered from peripheral vertigo and central vertigo, nausea and balance difficulties.

**ANSWER: Lincoln admits that Plaintiff stopped working on or around November 21, 2012 and that information regarding Plaintiff's medical condition that was**

**provided to Lincoln during the claim review process is contained in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize such documents they are denied. Unless expressly admitted, Lincoln denies all remaining allegations of paragraph 24.**

25. Plaintiff alleges that she became disabled on November 26, 2012.

**ANSWER: Lincoln admits that Plaintiff alleged that she was disabled on November 26, 2012. Lincoln denies the remaining allegations of paragraph 25.**

26. Plaintiff filed for short term disability benefits with Defendant.

**ANSWER: Lincoln admits the allegations of paragraph 26.**

27. Short term disability benefits were granted.

**ANSWER: Lincoln admits the allegations of paragraph 27.**

28. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

**ANSWER: Lincoln admits that Plaintiff made a LTD claim and that Lincoln is the claims administrator for the Plan. Lincoln denies the remaining allegations of paragraph 28.**

29. On June 10, 2016, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

**ANSWER: Lincoln admits that after approving LTD benefits under the Plan procedures beginning February 24, 2013, it determined that LTD benefits were no longer payable beyond May 24, 2016. Lincoln further admits that it terminated LTD benefits by letter dated June 10, 2016, which letter is set forth in writing in the administrative record**

**that speaks for itself and provides the best evidence of its contents. To the extent these allegations are inconsistent with or mischaracterize said document they are denied. Unless expressly admitted, Lincoln denies all remaining allegations of paragraph 29.**

30. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

**ANSWER: Lincoln admits that the definition of disability and other eligibility requirements are contained in the Group Policy, which is set forth in writing in the administrative record and speaks for itself, provides the best evidence of its contents. Lincoln denies the allegations of paragraph 30 to the extent incomplete or inconsistent with the terms of the Plan or Group Policy.**

31. If granted the Plan would pay monthly benefit of $8,937.50.

**ANSWER: Lincoln admits that the schedule of benefits set forth in Group Policy governs LTD benefit calculations, which is set forth in writing in the administrative record and speaks for itself, provides the best evidence of its contents. Lincoln denies the allegations of paragraph 31 to the extent incomplete or inconsistent with the terms of the Plan or Group Policy.**

32. On February 8, 2017, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

**ANSWER: Lincoln admits that Plaintiff appealed Lincoln's decision to terminate LTD benefits in correspondence dated February 8, 2017. Lincoln denies the remaining allegations of Paragraph 32.**

33. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

**ANSWER: Lincoln admits that Plaintiff appealed Lincoln's decision to terminate LTD benefits in correspondence dated February 8, 2017. Lincoln denies the remaining allegations of Paragraph 33.**

34. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

**ANSWER: Lincoln admits that any additional information provided with Plaintiff's appeal is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 34.**

35. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

**ANSWER: Lincoln admits that Plaintiff submitted a Notice of Award from the Social Security Administration ("SSA") that indicated the SSA has awarded Plaintiff disability benefits under its own rules. The Notice of Award is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 35.**

36. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

**ANSWER: Lincoln admits that Plaintiff submitted a Notice of Award and other documents from the Social Security Administration ("SSA") that indicated the SSA has determined that Plaintiff was disabled as of November 21, 2012 under its own rules. The Notice of Award and other documents from SSA is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 36.**

37. On or about June 7, 2016, Defendant's paid consultant, Jon Glass, M.D., neurology, performed a paper review of Plaintiff's claim file.

**ANSWER: Lincoln admits that on or about June 7, 2016, as part of its comprehensive review of Plaintiff's claim, Lincoln asked a third-party vendor, ECN, to refer a board certified neurologist to review Plaintiff's claim and ECN referred Dr. Jon Glass, M.D. (Board Certified in Neurology). Lincoln denies the remaining allegations of paragraph 37.**

38. On or about March 28, 2017, Defendant's paid consultant, Steven Donald Graham, M.D., neurology, and psychiatry and neurology, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that on or about March 28, 2017, as part of its comprehensive review of Plaintiff's claim, Plaintiff's claim was referred to a third-party vendor, Network Medical Review Co. Ltd., who then referred Plaintiff's claim to Dr.**

**Steven Donald Graham, M.D. (Board Certified in Neurology and Psychiatry) for review. Lincoln denies the remaining allegations of paragraph 38.**

39. On or about March 28, 2017, Defendant's paid consultant, Peter Lloyd, M.D., internal medicine and rheumatology, performed a peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that on or about July 18, 2017, as part of its comprehensive review of Plaintiff's claim, Plaintiff's claim was referred to a third-party vendor, Dane Street, who then referred Plaintiff's claim to Dr. Steven Donald Graham, M.D. (Board Certified in Neurology and Psychiatry) for review. Lincoln denies the remaining allegations of paragraph 39.**

40. On or about June 12, 2017, Defendant's paid consultant, Steven Donald Graham, M.D., neurology, and psychiatry and neurology, prepared an addendum to his peer review of Plaintiff's claim file.

**ANSWER: Lincoln admits that on or about June 12, 2017, Dr. Graham was asked to review new claim information and prepare an addendum to his previous medical review. Lincoln denies the remaining allegations of paragraph 40.**

41. On or about July 18, 2017, Defendant's paid consultant, Peter Lloyd, M.D., internal medicine and rheumatology, prepared an addendum to his peer review of Plaintiff's claim file.

**ANSWER: Lincoln denies the allegations of paragraph 41. Lincoln further states that Dr. Lloyd's medical review report is dated July 18, 2017.**

42. There is an indication that a "Howard D. Pomerantz, M.D., Ph.D.," ophthalmology, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that Dr. Howard D. Pomerantz, M.D., Ph.D. (Board Certified in Ophthalmology) reviewed Plaintiff's claim and summarized his findings in a report dated September 3, 2013. Lincoln further states Dr. Pomerantz's report is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 42.**

43. There is an indication that a "Kathleen M. Fre[]gang, RN, BSN," disability nurse consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about May 23, 2016, Kathleen M. Freygang, RN, BSN, BSN, performed a medical review of Plaintiff's claim. Lincoln further states Nurse Freygang's review is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 43.**

44. There is an indication that a "Ted Hartsock, RN, BSN," disability nurse consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about March 12, 2014, Ted Hartsock, RN, BSN, performed a medical review of Plaintiff's claim. Lincoln further states Nurse Hartsock's review is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 44.**

45. There is an indication that a "Judy Jacobsen, RN, BSN, CCM" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about July 8, 2013, Judy Jacobsen, RN, BSN, CCM performed a medical review of Plaintiff's claim. Lincoln further states Nurse Jacobsen's review is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 45.**

46. There is an indication that a "Cathy McDonald, MA, BS," certified rehabilitation counselor, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about February 18, 2016, vocational rehabilitation consultant, Cathy McDonald, M.A., C.R.C., conducted a vocational consultation. Lincoln further states Ms. McDonald's review is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 46.**

47. There is an indication that a "Heili S. Randall, ABD, MA, CRC," certified rehabilitation counselor, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about June 20, 2017, vocational rehabilitation consultant, Heili Randall, ABD, M.A., C.R.C., conducted a vocational consultation. Ms. Randall submitted an updated response or addendum on July 19, 2017. Lincoln further states Ms. Randall's review and addendum are set forth in written**

**documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 47.**

48. There is an indication that a "Philip Stegmaier, RN, BSN, MPH, COHN-S/CM," nurse disability consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about July 8, 2016, Philip Stegmaier, RN, B.S.N., M.P.H., COHN-S/CM, B.S.N., C.C.M., performed a medical review of Plaintiff's claim. Lincoln further states Nurse Stegmaier's review is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 48.**

49. There is an indication that a "Lynn Sucha, RN," nurse disability consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER: Lincoln admits that on or about November 21, 2014, Lynn Sucha RN, performed a medical review of Plaintiff's claim. Lincoln further states Nurse Sucha's review is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of paragraph 49.**

50. Defendant's consultants completed their reports without examining Plaintiff.

**ANSWER: Lincoln admits that it did not schedule an in-person physical examination of Plaintiff because no such examination was required or necessary. Lincoln denies the remaining allegations of Paragraph 50.**

51. On March 21, 2018, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

**ANSWER: Lincoln admits that it upheld its prior determination by letters dated July 28, 2017 and March 31, 2018, which are set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. Lincoln denies the remaining allegations of Paragraph 51.**

52. Defendant also notified Plaintiff on March 21, 2018 that Plaintiff had exhausted her administrative remedies.

**ANSWER: Lincoln admits that its letter dated March 21, 2018 is set forth in writing in the administrative record that speaks for itself and provides the best evidence of its contents. Lincoln denies the remaining allegations of paragraph 52.**

53. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

**ANSWER: Lincoln admits that its letter dated March 21, 2018 is set forth in writing in the administrative record that speaks for itself and provides the best evidence of its contents. Lincoln denies the remaining allegations of paragraph 53.**

54. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**ANSWER: Lincoln admits that Plaintiff appealed the decision to deny her claim for LTD benefits. Lincoln denies the remaining allegations of paragraph 54.**

## MEDICAL FACTS

55. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 55.**

56. Plaintiff suffers from computer trigger vertigo.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s), including vertigo, is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 56.**

57. Treating physicians document continued chronic pain, radicular symptoms, as well as decreased range of motion and weakness.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s), is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 57.**

58. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s) is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 58.**

59. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s) is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 59.**

60. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s) is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or**

**mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 60.**

61. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s) is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 61.**

62. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

**ANSWER: Lincoln admits that information provided to Lincoln during the claim review process concerning Plaintiff's medical treatment and condition(s) is set forth in written documents in the administrative record that speak for themselves and provide the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize said documents they are denied. Lincoln denies the remaining allegations of paragraph 62.**

63. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

**ANSWER: Lincoln denies the allegations of paragraph 63.**

64. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

**ANSWER: Lincoln denies the allegations of paragraph 64.**

65. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

**ANSWER: Lincoln denies the allegations of paragraph 65.**

66. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

**ANSWER: Lincoln denies the allegations of paragraph 66.**

67. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**ANSWER: Lincoln admits that denied Plaintiff's claim and upheld the denial on appeal. Lincoln denies the remaining allegations of paragraph 67.**

## DEFENDANT'S CONFLICT OF INTEREST

68. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

**ANSWER: Lincoln denies the allegations of paragraph 68.**

69. Defendant's determination was influenced by its conflict of interest.

**ANSWER: Lincoln denies the allegations of paragraph 69.**

70. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

**ANSWER: Lincoln denies the allegations of paragraph 70.**

71. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

**ANSWER: Lincoln denies the allegations of paragraph 71.**

72. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

**ANSWER: Lincoln denies the allegations of paragraph 72.**

73. More information promotes accurate claims assessment.

**ANSWER: Lincoln denies the allegations of paragraph 73.**

74. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

**ANSWER: Lincoln admits that it did not perform an in-person physical examination because such an examination was neither required nor necessary. Lincoln denies the remaining allegations of paragraph 74.**

**COUNT I:**

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

75. Plaintiff incorporates those allegations contained in paragraphs 1 through 74 as though set forth at length herein

**ANSWER: Lincoln incorporates by reference its answers to paragraphs 1 through 74 as if fully set forth herein.**

76. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other

occupation which her medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**ANSWER: Lincoln denies the allegations of paragraph 76.**

**COUNT II: ATTORNEY FEES AND COSTS**

77. Plaintiff repeats and realleges the allegations of paragraphs 1 through 76 above.

**ANSWER: Lincoln incorporates by reference its answers to paragraphs 1 through 76 as if fully set forth herein.**

78. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**ANSWER: Lincoln denies the allegations of paragraph 78.**

WHEREFORE, Plaintiff demands judgment for the following:

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past short term and long term disability benefits retroactive to June 25, 2016 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

**ANSWER: Lincoln prays that Plaintiff takes nothing by her Complaint, for reimbursement of its reasonable costs and attorneys' fees, and for all other just and proper relief.**

## ADDITIONAL DEFENSES

Comes now Defendant, The Lincoln National Life Insurance Company ("Defendant" or "Lincoln"), by counsel, and for Additional Defenses to Plaintiff's Complaint, states:

1. Any allegation not specifically admitted previously in this Answer is now denied.

2. The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

3. Lincoln's decision was not arbitrary and capricious and/or was otherwise in accordance with the terms of the Group Policy.

4. Plaintiff's claims are barred as a result of her failure to satisfy the terms of the Group Policy.

5. Plaintiff’s recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy, which are incorporated herein as if fully set forth.

6. Lincoln asserts each and every provision of the Group Policy that is or may be construed as an affirmative defense.

7. Lincoln has complied with and performed all of its promises, obligations and duties to Plaintiff and the handling of Plaintiff’s claim for benefits complied fully with the terms and conditions of ERISA.

8. To the extent Plaintiff is seeking future benefits, her Complaint fails to state a claim upon which relief can be granted.

9. To the extent Plaintiff’s Complaint seeks relief for claims for which she has not exhausted administrative remedies, those claims are barred.

10. Plaintiff’s remedies, if any, are limited to the remedies provided for by 29 U.S.C. § 1132(a)(1)(B).

11. Alternatively, to the extent Plaintiff is deemed entitled to any benefits under the Group Policy, such benefits are subject to various limitations as set forth in the Group Policy.

12. Alternatively, to the extent Plaintiff is deemed entitled to any benefits under the Group Policy, such benefits are subject to various offsets in accordance with the terms and conditions of the Group Policy.

13. Alternatively, to the extent any remedy is available to the Plaintiff, the only remedy available is a remand for further review.

15. Lincoln reserves the right to amend this Answer and Additional Defenses as discovery and investigation continue.

WHEREFORE, Lincoln prays that Plaintiff take nothing by her Complaint, for reimbursement of its reasonable attorneys' fees and costs, and for all other just and proper relief.

Dated this 16th day of January, 2019

Respectfully submitted,

/s/ Rebecca K. Bryant
Rebecca K. Bryant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Rebecca.Bryant@ogletree.com
155 N. Wacker Drive
Suite 4300
Chicago, IL 60606
312.558.1220; 312.807.3619 (Fax)
Rebecca.bryant@ogletree.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following through the Court's CM/ECF system:

Britany Anne Heath McDonald
britney@marcwhitehead.com

Marc S. Whitehead
marc@marcwhitehead.com

/s/Rebecca K. Bryant
Rebecca K. Bryant

36437878.1