IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELANIE SPRINGER-TOLLETT, M.D., Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-3372 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the Court's Order (Doc. No 4), the parties have conferred and tender this Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure.

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   The following persons participated in a Rule 26(f) conference on January 16, 2018 and prepared the following report: Britney McDonald participated for Plaintiff, Melanie Springer-Tollett, M.D. and Rebecca K. Bryant participated for Defendant, The Lincoln National Life Insurance Company.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about. Specify, generally, the claims, defenses and threshold issues that are or likely will be asserted by each party**

   This is a civil dispute brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), in which Plaintiff seeks long-term disability benefits.

4. **Specify the allegation of federal jurisdiction.**

   This Court has original jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e) (ERISA). The parties agree that this is an

action for disability and other benefits under an employee welfare benefit plan ("Plan") governed by ERISA.

**5. Name the parties who disagree and the reasons.**

All parties agree to federal jurisdiction.

**6. List anticipated additional parties that should be included in the suit and by whom they are wanted**.

The Parties do not anticipate the need to add additional parties at this time. They request a deadline of March 1, 2019 to join other parties.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff seeks judicial review of the denial of benefits under the Plan, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B). The parties agree that, as this case is one that will be decided upon the Administrative Record, this proceeding is exempt from initial disclosures pursuant to FRCP 26(a)(1)(B)(i).

Defendant will produce the Administrative Record (consisting of the Plan documents and the Claim File) to Plaintiff on or before February 30, 2019.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

**The following contentions are specific to this ERISA benefits case.**

Plaintiff's Contentions:

Benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the

Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under Section 1701.062(a) of the Texas Insurance Code and 28 TAC §§3.1201 - 3.1203 (2013), as well as upheld in *Ariana M. v. Humana Health Plan of Texas, Inc*., No. 16-20174 (5th Cir. 2018). Therefore, this Court should review this matter under a *de novo* standard of review.

Specifically, Plaintiff seeks discovery on evidence of complex medical questions, the credibility of medical experts, plan interpretation questions, impartiality of administrator, procedural violations, and where there is little or no evidentiary record. This may include compensation incentives, failure to consider all evidence, including subjective complaints, SSDI awards, worker compensation awards, etc., goals or stated expectations of claim denial rates, use of bias outside vendors (medical reviewers), independence of those reviewers, and whether review of Plaintiff's benefit claim was full, fair, and impartial. Further, Plaintiff seeks discovery on whether communications with the claimant and third party reviewers was transparent, whether Defendant conducted peer to peer consultations to ensure claimant's physicians were given opportunity to provide input to decision, the size of the pool of independent reviewers, compensation of reviewers tending to show financial dependence, and evidence of the Defendant conducting annual internal audits of its reviewers evaluating whether the reviewers are meeting the expectations set forth by the administrators.

Defendant's Contentions:

Defendant maintains that no discovery is permitted beyond Defendant's production of the Administrative Record and Plan documents because judicial review is limited to the Administrative Record in ERISA benefit claim cases. *See, Vega v. National Life Insurance Services, Inc.,* 188 F.3d 287, 299–300 (5th Cir. 1999); Most recently, the Fifth Circuit again reaffirmed its position regarding limited record review and limited discovery in ERISA cases. *Ariana M. v. Humana Health Plan of Texas, Inc*., 884 F.3d 246, 250-257 (5th Cir. 2018).

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Discovery is not anticipated. If discovery is necessary, interrogatories will be sent by April 25, 2019.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Discovery is not anticipated. If discovery is necessary, interrogatories will be sent by April 25, 2019.

**D. Of Whom and by when the plaintiff anticipates taking oral depositions.**

Depositions are not anticipated.

**E. Of Whom and by when the defendant anticipates taking oral depositions.**

Depositions are not anticipated.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Not applicable.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not applicable.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not applicable.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

*See* response to paragraph nos. 8-10.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Discovery is not anticipated, but if applicable, the parties propose June 15, 2019, for the completion of discovery.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has made a settlement demand. Defendant is in the process of reviewing it and

will respond.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties feel that informal settlement discussions are best suited for exploring potential resolution of this matter at this time.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    At this time, the parties do not consent to trial of this lawsuit before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand was made because ERISA does not provide for trial by jury. The parties agree that the case will ultimately be decided on dispositive motions.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties do not anticipate the need for a trial and expect the matter will be resolved by dispositive motions. If the case is tried, the parties estimate it will take approximately 12-16 hours to present the evidence.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    All parties have filed their respective Disclosure of Interested Persons:
    Plaintiff filed her disclosure on September 21, 2018. (Doc. #2)
    Defendant filed its disclosure on January 18, 2019. (Doc. #14)

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

ATTORNEYS FOR PLAINTIFF:

Britney McDonald, TX Bar No. 24082158
Marc Whitehead & Associates, Attorneys at Law, LLP
5300 Memorial Drive, Suite 725
Houston, TX 77007
Tel: 713-228-8888
Fax: 713-225-0940
britney@marcwhitehead.com

Marc Whitehead, TX Bar No. 00785238
Marc Whitehead & Associates, Attorneys at Law, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Tel: 713-228-8888
Fax: 713-225-0940
marc@marcwhitehead.com

ATTORNEYS FOR DEFENDANT:

Rebecca K. Bryant, ARDC No. 6318098
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Ph: 312.558.1252
Fax: 312.807.3619
rebecca.bryant@ogletreedeakins.com

Respectfully submitted,

/s/ Rebecca K. Bryant

Rebecca K. Bryant, ARDC No. 6318098
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Ph: 312.558.1252
Fax: 312.807.3619

rebecca.bryant@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

By: /s/ *Britney McDonald (with consent)*

Britney McDonald, TX
Bar No. 24082158
britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, LLP
403 Heights Blvd.
Houston, TX 77007
Tel: 713-228-8888
Fax: 713-225-0940

Marc S. Whitehead, TX Bar No. 00785238
marc@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, LLP
403 Heights Blvd.
Houston, Texas 77007
Tel: 713-228-8888
Fax: 713-225-0940

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on February 5, 2019 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

marc@marcwhitehead.com

britney@marcwhitehead.com

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the foregoing in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

NONE

/s/ Rebecca K. Bryant

37120949.1